UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- x
 :
UNITED STATES OF AMERICA :
 : FINAL ORDER OF FORFEITURE/
- v. - : MONEY JUDGMENT
 :
BETSY MONTALVO, : 18 Cr. 457 (JGK)
 :
Defendant. :
 :
---------------------------------- x

  WHEREAS, on or about June 25, 2018, BETSY MONTALVO (the "Defendant"), and another, was charged in a twenty-three count Indictment, 18 Cr. 457 (JGK) (the "Indictment"), with wire fraud conspiracy, in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Counts Two through Twenty-Two); and aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2 (Count Twenty-Three);

  WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Twenty-Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from, proceeds traceable to the commission of the offenses charged in Counts One through Twenty-Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Twenty-Two of the Indictment that the defendants personally obtained;

  WHEREAS, on or about January 26, 2021, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment, and agreed to

forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, a sum of money equal to $511,466.10 in United States currency, which represents any and all property, real and personal, that constitutes or is derived from, proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $511,466.10 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $511,466.10 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant .

2. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this Order of Forfeiture/Money Judgment is final as to the Defendant, BETSY MONTALVO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New

York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The Clerk of the Court shall forward three certified copies of this Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

SO ORDERED:

_____       6/17/21
HONORABLE JOHN G. KOELTL      DATE
UNITED STATES DISTRICT JUDGE